Entered on Docket
December 09, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed December 08, 2010

_____
Charles Novack
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CEDAR FUNDING, INC.,<br><br>Debtor(s). | Case No. 08-52709 CN<br><br>Chapter 11 |
| DWIGHT G. LANDON, *individually and as Trustee of the Landon Family survivor Trust and the Landon Family Exemption Trust LTD dated May 6, 1994*,<br><br>Plaintiff,<br><br>vs.<br><br>MONTEREY COUNTY BANK, ET AL, AL.,<br><br>Defendants. | Adversary No. 10-5308<br><br>**DECISION** |

On November 17, 2010, this court conducted a continued hearing on plaintiff Dwight G. Landon's motion to remand and defendant Monterey County Bank's motion for relief from the automatic stay. All appearances were made on the record. As stated during that hearing and for the reasons summarized below, the court grants Landon's motion to remand and denies Monterey

1

County Bank's motion for relief from stay.[1]

This court stated the pertinent facts on the record during the two hearings on these motions. The summary is for ease of reference:

Debtor Cedar Funding, Inc. commenced the underlying case on May 28, 2008 as a voluntary Chapter 11 bankruptcy. Cedar Funding, Inc. filed its Chapter 11 case due to the collapse of its Ponzi scheme, and this court promptly thereafter appointed a Chapter 11 trustee, who remains in place. Plaintiff Dwight G. Landon, individually and as Trustee of the Landon Family Survivor Trust and the Landon Family Exemption Trust LTD, dated May 6, 1994 (collectively, "Landon") was an investor in a note and deed of trust brokered by Cedar Funding.[2] In or about 2001, Cedar Funding solicited Landon to invest in a fractionalized note and second deed of trust secured by real property located at 3101 Hermitage Road, Pebble Beach, California (the "Hermitage Property"), which was then owned by Thomas Harrow. The face amount of the note was $650,000.00, and Landon alleges that his $235,000.00 investment resulted in an undivided 36.154% interest in the note and deed of trust (the "Fractionalized Landon Note"). The $650,000 note was secured by a then second deed of trust against the Hermitage Property. In February 2002, Landon executed a loan servicing agreement with Cedar Funding, which authorized Cedar Funding to manage and service all aspects of the Fractionalized Landon Note, including the collection of note payments and the distribution of these funds to Landon and his fellow investors. The servicing agreement also required Cedar Funding to consult with and follow the instructions of Landon and his fellow investors on non-routine collection matters.

---

[1] While Monterey County Bank's motion for relief from stay was filed in the main Chapter 11 case, the motion for relief from stay and Landon's motion for remand are intertwined. Accordingly, the court is issuing a consolidated order.

[2] Landon's investment was solicited by David Nilsen, who at that time was using "Cedar Funding" as his dba. He later incorporated Cedar Funding into what is now the Chapter 11 debtor. For ease of reference, the court will refer to David Nilsen and Cedar Funding as "Cedar Funding." All references to the corporate Chapter 11 debtor alone shall be to "Cedar Funding, Inc."

2

**DECISION**

In August 2003, well after the Fractionalized Landon Note had matured, Harrow was unable to pay the balance due and deeded the Hermitage property to Accustom Development, LLC ("Accustom"), an entity purportedly controlled by Cedar Funding. Landon alleges that he did not learn of this transfer until 2008, and states that Cedar Funding hid the transfer by continuing to make the monthly Fractionalized Landon Note payments as part of its Ponzi scheme.

Between 2005 and 2007, Accustom, through Cedar Funding solicitations, borrowed approximately $2.6 million which it secured with additional, junior deeds of trust against the Hermitage Property. In December 2007, Accustom borrowed $1.855 million from Monterey County Bank (the "Bank"), which purportedly was meant to refinance, *inter alia*, the Fractionalized Landon Note. Landon claims that he never received any of the refinance proceeds, and he has not reconveyed his interest in the deed of trust.[3]

Accustom allegedly defaulted on the Monterey County Bank $1.85 million note. The Bank foreclosed on the Hermitage Property in February 2009, purchased the Hermitage Property at its trustee's sale, and then sold the Hermitage Property to a third party in May 2010 for $1.7 million.

On May 16, 2008, eleven days before Cedar Funding, Inc. filed its Chapter 11 case, Landon sued the Bank, Cedar Funding and several other parties in Monterey County Superior Court (Case No. M91029, the "Monterey County Action") alleging quiet title, breach of fiduciary duty and specific performance causes of action[4]. Landon's quiet title cause of action alleged that the Bank's $1.85 million note and deed of trust is junior to the still unpaid Fractionalized Landon Note and deed of trust. He alternatively asserts that when Accustom took title to the Hermitage Property in August 2003, it took title in trust for Landon and his fellow fractionalized deed of trust holders, and that all

---

[3] Landon alleges that the title company used in the Bank refinance mishandled the refinance escrow. Those allegations, however, are not relevant to the court's rulings on the motions before it.

[4] The Bank sought relief from the automatic stay to foreclose on the Hermitage Property. It sold the property despite Landon's recordation of a notice of pendency.

3

of the subsequent borrowings secured by the Hermitage Property were unauthorized. Due to the Chapter 11 filing, Landon amended his complaint in September 2008 to remove Cedar Funding, Inc. as a defendant. In August 2010, Landon filed a second, amended complaint which added conversion, interference with contract and constructive trust causes of action against the Bank. Landon's second amended complaint retained the quiet title, specific performance and breach of fiduciary duty causes of action. The Bank filed its notice of removal of the Monterey County Action on September 1, 2010, within 30 days of the filing of Landon's second, amended complaint. The Monterey County Action was scheduled for an October 4, 2010 trial date.

On October 20, 2008, the chapter 11 trustee commenced his own adversary proceeding against the Bank (Ad. Proc. 08-5299 CN). In his complaint, the Chapter 11 trustee alleges that the bankruptcy estate also holds a fractionalized interest in the Fractionalized Landon Note. He too, therefore, seeks to quiet title against the Bank's interest in the Hermitage Property. Notwithstanding any similarities between the adversary proceeding and the Monterey County Action, the Bank (a) has not asserted the automatic stay as an affirmative defense in the Monterey County Action, (b) did not seek to remove the Monterey County Action before its September 1, 2010 notice of removal, and (c) never sought to dismiss either litigation due to the lack of an indispensable party (purportedly Landon and the other fractionalized deed of trust holders in the adversary proceeding and the Chapter 11 trustee in the Monterey County Action).[5]

On September 9, 2010, Landon filed his motion to remand, arguing that the Bank did not timely remove the Monterey County Action. The court grants this motion. The court finds that the removal of Landon's quiet title, specific performance, and breach of fiduciary duty causes of action was untimely under Federal Rule of Bankruptcy 9027(a)(2). Rule 9027(a)(2) provides in pertinent part that "if the ... cause of action in a civil action is pending when a case under the Code is

---

[5] The court takes judicial notice of the Report of State Court Proceedings filed by the Bank in this adversary proceeding.

4

**DECISION**

commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the ... cause of action in a civil action has been stayed under section 362 of the Code, or (C) 30 days after a trustee qualifies in a Chapter 11 reorganization case but not later than 180 days after the order for relief."

Landon first asserted his quiet title, specific performance and breach of fiduciary duty causes of action in his original complaint, which he filed pre-petition in May 2008. While Landon has twice amended his complaint, these amended complaints do not alter the fact that the above claims were "pending" before Cedar Funding, Inc. filed its Chapter 11 case. Moreover, the court takes judicial notice that no interested party sought relief from the automatic stay to proceed with Landon's Monterey County Action causes of action before the Bank filed its notice of removal. Accordingly, since the Bank filed its notice of removal after the dates prescribed by F.R.B.P. 9027(a)(2)(A) and (C), and since the court has not granted any motion for relief regarding these causes of action, the Bank's notice of removal for these causes of action was not timely under F.R.B.P. 9027(a)(2)(A) and (C) and/or premature under F.R.B.P. 9027(a)(2)(B).

The court also remands Landon's conversion, interference with contract and constructive trust causes of action. While these causes of action were not pending when Cedar Funding, Inc. filed its Chapter 11, 28 U.S.C. § 1452(b) authorizes the court to remand these claims "on any equitable ground." This standard is an "unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under non-bankruptcy removal statutes." In re McCarthy, 230 B.R. 414, 417 (Bankr. 9th Cir. 1999). Equity favors the remand of the entire Monterey County Action. These causes of action share a common nucleus of facts with the quiet title, constructive trust and breach of fiduciary duty causes of action. Comity therefore dictates that they be heard by the same court: the Monterey County Superior Court.

The court further denies the Bank's motion for relief from the automatic stay. The Bank

5

DECISION
Case: 10-05308    Doc# 30    Filed: 12/08/10    Entered: 12/09/10 14:34:33    Page 5 of 8

filed its motion for relief from stay on August 11, 2010 - before it filed its notice of remand, and ostensibly in response to Landon's second amended complaint. It is original moving papers, the Bank argued that it needed relief from stay to allow the Monterey County Action to proceed and to assert various, unnamed "counterclaims as legally necessary" against the estate of Cedar Funding, Inc. In response to the court's request for additional briefing on whether the Monterey County Action violated the stay, the Bank stated that it sought relief to bring slander of title, quiet title, contribution, fraud, unjust enrichment and conspiracy to breach a contract causes of action against the Chapter 11 debtor. These causes of action are pre-petition claims. The court takes judicial notice that the Bank has not filed a proof of claim in the Chapter 11 case, and that the deadline for filing claims has run. Accordingly, there is no cause to grant relief and expose the bankruptcy estate to untimely claims against it.

The court further denies relief from stay to the extent the motion seeks permission to proceed with the Monterey County Action. The Bank does not have standing to request such relief. Effectively, the Bank is seeking relief to allow Landon to pursue his claims against the Bank. Landon (who may be the only party in interest with regard to pursuing these causes of action) has not requested such relief, and the Chapter 11 trustee has not asserted that such relief is appropriate. Bankruptcy Code § 362(d) empowers "parties in interest" to seek relief from the automatic stay. While the Bankruptcy Code does not define this phrase, such standing must be determined on a case by case basis with reference to the interest asserted and how that interest affects the automatic stay. Here, the Bank does not have an interest in pursuing Landon's causes of action; indeed, a reasonable person would believe that it would prefer that these claims not be pursued at all against it. Instead, this court concludes that the Bank wants relief from stay not due to any relish to litigate these claims, but to determine the forum in which they will be litigated. See F.R.B.P. 9027(a)(2)(B).

While it may seem anomalous for this count to decline to determine the applicability of the stay, the means by which the Bank raises this issue requires an advisory opinion by this court. The Bank has had more than two years to raise the automatic stay as an affirmative defense in the

6

Monterey County Action. The case law is clear that the Monterey County Superior Court may determine the applicability of the automatic stay. See <u>Lockyer v. Mirant Corp</u>., 398 F.3d 1098 (9th Cir. 2005); <u>In re Coho Resources</u>, 345 F.3d 338 (5th Cir. 2003). Since the Bank needs to respond to the second amended complaint, it should, if appropriate, litigate this issue before the Monterey County Superior Court.

* * * **END OF ORDER** * * *

Adversary Proceeding Case No. 10-5308

**COURT SERVICE LIST**

Cecily A. Dumas
Friedman, Dumas and Springwater
150 Spear St. #1600
San Francisco, CA 94104

Dwight Landon
8 Deer Forest Road
Monterey, Ca 93940

Willard P. McCrone
Attorney at Law
586 Hartnell Street
Monterey, CA 93940

Sharon Z. Weiss
Holme Roberts and Owen LLP
800 West Olympic Blvd., 4th Flr
Los Angeles, CA 90015

Angela Nilsen
1962 Lincoln Street
Seaside, CA 93955

Accustom Development, LLC
465 Tyler Street
Monterey, CA 93940

Ron Oliner
Duane Morris, LLP
One Market Plaza
Spear Street Tower, Ste. 2000
San Francisco, CA 94105

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

8

**DECISION**